The Honorable T.J. Hively Prosecuting Attorney Sixteenth Judicial Circuit P.O. Box 2476 Batesville, AR 72503
Dear Mr. Hively:
This is in response to Deputy Prosecuting Attorney Wesley J. Ketz's request for an opinion regarding a proposed one cent sales tax in Independence County. Mr. Ketz states that the County is proposing to pass the tax which would stay in effect for two years to raise funds for a new jail. His specific question is as follows:
 Can the county begin actual construction without having all funds in hand necessary to pay for the building? In other words, can construction begin early in the two-year period before monies are collected sufficient to pay for the building? It is anticipated the construction could take 18 to 24 months. Can the county commit to paying the full construction price without having all the money in hand?
This question cannot be answered with a simple "yes" or "no" because it requires reference to the County's contracts or allowances and its revenues from all sources for the fiscal year. I assume that the County proposes to levy the tax pursuant to A.C.A. § 14-164-338 (as amended by Act 1014 of 1993), which authorizes the levy of a sales and use tax of one percent (1%) or less to finance capital improvements of a public nature without resorting to a bond issue. This provision states in relevant part that:
 . . . the legislative body may dispense with the issuance of bonds, levy the tax for no longer than twenty-four (24) months, and appropriate the resulting revenues, subject to the Arkansas Constitution, Article 12, Section 4, paragraphs 2-4. . . .
A.C.A. § 14-164-338(a) (Adv. Code Serv. 1992-93 and Act 1014 of 1993).[1]
Article 12, Section 4 of the Arkansas Constitution states in relevant part that:
 [t]he fiscal affairs of counties . . . shall be conducted on a sound financial basis, and no county court or levying board or agent of any county shall make or authorize any contract or make any allowance for any purpose whatsoever in excess of the revenue from all sources for the fiscal year in which said contract or allowance is made. . . .
This prohibition against incurring indebtedness for the fiscal year in excess of revenues for that year must therefore be considered in addressing the County's ability to begin construction and commit itself to paying the full construction price without having all funds in hand. Section 14-164-338 does not address the actual mechanics of the construction contract process, other than by referencing Ark. Const. art. 12, § 4. Article 12, Section 4 will prohibit the county's commitment to pay the full construction price if current fiscal year revenues are exceeded. This involves a fact question that cannot be answered in the context of an opinion from this office.
While I am unable to provide a conclusive answer to the question raised, the foregoing offers general guidance in addressing the underlying issues.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] The tax and the purpose of the capital improvement must be approved by a majority of the qualified electors of the county voting on the question at a general or special election. A.C.A. §14-164-338(a)(1).